IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY S. WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1474 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| RAYMOND RUSTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

For the reasons that follow, Defendants' Motions to Dismiss (Docs. 35 & 36) will be granted, and Plaintiff's case will be dismissed with prejudice.

Plaintiff filed this *pro se* prisoner civil rights action in November 2010, complaining that the prices at the Allegheny County Jail are too high, and that the Jail's telephone system is "faulty and understaffed." *See generally* Compl. (Doc. 1). All of the Defendants have sought dismissal, by way of Motions filed on January 14, January 26 and January 31, 2011. *See* Docs. 9, 24 & 26. The Court ordered Plaintiff to respond to Defendants' Motions by February 14, February 28 and March 2, 2011, respectively. *See* Order filed under Doc. 11, text Order dated Jan. 27, 2011 and text Order dated Feb. 1, 2011. Plaintiff failed to timely respond to any of Defendants' Motions, and in April 2011, three of the five Defendants moved for dismissal for failure to prosecute. *See* Docs. 35 & 36.

On April 26, 2011, the Court entered an Order highlighting Plaintiff's lack of compliance with its prior Orders, and directing Plaintiff to show cause, by May 10, 2011, why this case should not be dismissed for failure to prosecute. *See* Doc. 37. May 10th has come and gone,

and Plaintiff has not responded to the show cause Order or any of the other Orders referenced therein. Rather, Plaintiff's last submission was executed on November 25, 2010,[1] and there is no indication that he has done anything since in furtherance of his case.

In determining whether to dismiss Plaintiff's case for failure to prosecute and/or noncompliance with Court Orders, the undersigned considers: (1) the extent of Plaintiff's personal responsibility; (2) the prejudice to Defendants caused by the failure to meet scheduling orders; (3) Plaintiff's history of dilatoriness; (4) whether Plaintiff's conduct was willful or in bad faith, as opposed to excusable neglect; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of Plaintiff's claims. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Factor (1) favors dismissal because, given Plaintiff's *pro se* status, he alone is responsible for the deficiencies identified above. *See* N'Jai v. Floyd, 2009 WL 1531594, *14 (W.D. Pa. May 29, 2009) (holding same), *aff'd on other grounds*, 2010 WL 2690335 (3d Cir. Jul. 8, 2010).

Factors (2) and (3) also favor dismissal. Given Plaintiff's repeated failure to comply with Court Orders, his continued failure to prosecute hinders his adversaries' ability to meaningfully defend this case.

As to factor (5), the undersigned cannot imagine that lesser sanctions could be effective. Plaintiff already has been advised of his noncompliance with Court Orders, and he did not respond to the Order requiring him to show cause why this case should not be dismissed for failure to prosecute. Indeed, Plaintiff has not submitted anything in furtherance of his case since November 2010, and his omissions are not consistent with "excusable neglect." *See* Poulis factor (4), *supra*.

---

[1] *See* Doc. 7 (Plaintiff's authorization to withdraw prison account funds).

The final factor, the meritoriousness of Plaintiff's claims, likewise counsels in favor of dismissal. In essence, Plaintiff complains that the prices at the Jail commissary are too high, and that he is dissatisfied with the telephone services provided to inmates. *See* discussion *supra*. The Complaint fails to indicate which of Plaintiff's federal statutory rights have been violated, nor has he demonstrated that his grievances rise to a constitutional level. *Cf. generally, e.g.*, Travillion v. Allegheny County Bureau of Corr., 2008 WL 2699988, *2 (W.D. Pa. Jul. 7, 2008) ("[c]ommissary prices implicate no constitutional rights") (citation to quoted source omitted). Although *pro se* pleadings are liberally construed, it is Plaintiff's responsibility, not the Court's, to formulate and present cognizable claims for relief. *See* Crock v. Univ. of Pittsburgh, 2010 WL 1026965, *1 n.2 (W.D. Pa. Feb. 16, 2010), *report and recommendation adopted by Dist. Ct.*, 2010 WL 1005148 (W.D. Pa. Mar. 17, 2010).

For all of the reasons stated above, Defendants' Motions to Dismiss (**Docs. 35 & 36**) for failure to prosecute are **GRANTED**, Defendants' Motions to Dismiss on the merits (**Docs. 9, 24 & 26**) are **DENIED AS MOOT**, and this case is **DISMISSED WITH PREJUDICE**.[2]

IT IS SO ORDERED.

September 7, 2011                                s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States Magistrate Judge

---

[2] Although two of the five Defendants have not moved for dismissal for failure to prosecute, the Court's analyses apply with equal force to the claims stated against them. *See* April 26th Show Cause Order (Doc. 37) (providing Plaintiff notice of potential dismissal for failure to prosecute, and affording opportunity to respond).

cc (via First Class U.S. Mail):

Anthony S. Wallace
24350
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219


cc (via ECF email notification):

All Counsel of Record